UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| THUY HOA "TIFFANY" NGO,<br>  as Administrator of the estate of<br>  MAI NGUYEN (Deceased) and as<br>  Guardian of her minor daughter,<br>JESSICA NGUYEN | CIVIL ACTION NO. 08-00758<br><br>JUDGE DOHERTY<br><br>MAGISTRATE JUDGE METHVIN |
| VERSUS | |
| BACH VAN HA THI<br>PHAN NGUYEN<br>F/V BAO NGOC, IN REM<br>ALLIANZ MARINE & AVIATION<br>NATIONAL CASUALTY CO.<br>LLOYDS UNDERWRITERS | |

*REPORT AND RECOMMENDATION ON MOTION TO DISMISS*
*(Rec. Doc. 37)*

Before the court is a motion to dismiss filed pursuant to Rules 12(b)(2), 12(b)(5), 12(b)(6), and 12(b)(3) by defendants Phan Nguyen and Van Ha ("movers"). Movers raised the following grounds for dismissal: lack of personal jurisdiction, insufficient service of process, failure to state a claim due to prescription, and improper venue.[1]

This Jones Act case was filed on June 2, 2006, in the United States District Court for the Eastern District of Louisiana. It was transferred to this court on May 14, 2008, after the subject motion was partially granted as to improper venue. Judge Doherty referred the remaining motions to the undersigned for report and recommendation. The motion is opposed.

*Background*

The original complaint was filed by plaintiff, Thuy Hoa "Tiffany" Ngo as the administrator of the estate of Mai Nguyen and as guardian of her minor daughter, Jessica

---

[1] Rec. Doc. 37.

Nguyen. Made defendants are the fishing vessel (F/V) Bao Ngoc, in rem, and individuals Bach Van Ha Thi (Van Ha) and Phan Nguyen (Nguyen).

Ngo contends as follows: Mai Nguyen, the father of Jessica, fell overboard on June 3, 2003, while a seaman aboard the F/V Bao Ngoc; Mai's body was never recovered and he is presumed deceased; the fishing vessel was owned, manned, and controlled by defendants Van Ha and Nguyen; and the cause of the accident was the unseaworthiness of the fishing vessel, and the negligence of Van Ha and Nguyen.

The EDLA court held several show cause hearings to consider dismissal of the instant suit for plaintiff's failure to serve defendants.[2] At one point, judgment of dismissal was entered without prejudice.[3] The suit was later reinstated, but plaintiff was ordered to serve defendants within 30 days upon penalty of a second dismissal, this time with prejudice.[4] On June 2, 2007, plaintiff filed into the record two service returns showing that Van Ha and Nguyen had been served on January 30, 2007, by Oscar Araujo, who left a copy of the summons and complaint with Xuan Le at 825 Eaton Drive, Abbeville, Louisiana.[5] On November 19, 2007, a preliminary default was entered against Van Ha and Nguyen for failure to respond.[6]

A docket call was held on February 13, 2008, and was passed for 30 days to allow the plaintiff to amend her complaint to include defendants' insurers.[7] On March 17, 2008, plaintiff

---

[2] *See* Rec. Docs. 8, 9, 20, 23 and 26.

[3] *See* Rec. Doc. 10 (Judgment of Dismissal), Rec. Doc. 11 (Motion for Relief from Judgment).

[4] Rec. Doc. 14.

[5] Rec. Docs. 15, 16, and 17.

[6] Rec. Doc. 24.

[7] Rec. Docs. 25 and 26.

filed a motion for extension of time to amend her complaint.[8] In the motion, plaintiff stated that she had contacted the attorney she believed would be representing the insurer defendants, Matthew D. McConnell of Preis, Kraft & Roy, giving him a copy of the suit and requesting insurance information, but that no responsive pleading or insurance information had yet been provided. The motion for extension was granted, and the plaintiff was given an additional 30 days to amend her complaint to include the defendants' insurers.[9]

Counsel for defendants' insurers then filed a motion for an extension of time to respond on behalf of Van Ha and Nguyen, which was granted.[10] On March 27, 2008, plaintiff filed an amended complaint adding the three insurance companies with alleged coverage for the claims at issue: Allianz Marine & Aviation, National Casualty Company, and Lloyd's Underwriters as defendants. On April 15, 2008, defendants Van Ha and Nguyen, represented by counsel for the insurer defendants, filed the pending motion, which was granted as to venue, and the case was transferred here on May 14, 2008.

On July 8, 2008, defendants filed a motion asking that their motion to dismiss be reset for hearing.[11] The plaintiff opposed the motion, arguing res judicata, stating that Judge Fallon had "addressed each separate issue, asked questions concerning each separate issue, and specifically stated 'I will not dismiss the case.'"[12] On July 14, 2008, plaintiff reissued summonses for

---

[8] Rec. Docs. 27.

[9] Rec. Doc. 28.

[10] Rec. Docs. 29 and 33.

[11] Rec. Doc. 55.

[12] Opposition to the Defendant's Motion to ReUrge and Incorporated Memorandum, Rec. Doc. 56, p.2.

Nguyen, Allianz Marine & Aviation, National Casualty Co., and Lloyds Underwriters. The address used for Nguyen was 2352 Senter Road, Apt. 238, San Jose, CA 95112.[13] On July 29, 2008, the district judge granted the defendants motion to reset and reurge the motion to dismiss, and referred it to the undersigned for a report and recommendation.[14] On August 29, 2008, Nguyen and Van Ha filed a reply memorandum, and the undersigned took the matter under advisement.

### *Contention of the Parties*

Movers contend they were not properly served under Fed. R. Civ. P. Rule 4(e) because on the date of service, January 30, 2007, the address where domiciliary service was effected (825 Eaton Drive, Abbeville, Louisiana), was not the defendants' "dwelling house or usual place of abode."[15] Movers attach an Affidavit of Xuan Le, who accepted service at the Eaton Drive address, in which Ms. Le attests as follows:

> 3.
> Affiant is, and in January of 2007, was a resident of 825 Eaton Drive, Abbeville, Louisiana . . .
> 4.
> In January 2007, neither Phan Nguyen nor Van Ha had a bedroom or kept personal belonging at 825 Eaton Drive, Abbeville, Louisiana and in January 2007, 825 Eaton Drive was not Phan Nguyen nor Van Ha's home, domicile and/or usual place of residence.
> 5.
> Neither Phan Nguyen nor Van Ha reside at 825 Eaton Drive, Abbeville, Louisiana.
>
> 6.
> Affiant does not know where Phan Nguyen and Van Ha are located.[16]

---

[13] Rec. Doc. 57.

[14] Rec. Doc. 58.

[15] Memorandum in support of motion to dismiss, Rec. Doc. 37-2, p. 3.

[16] *Ibid.,* Exhibit A, Affidavit of Ms. Xuan Le.

Movers argue when service is challenged, the serving party bears the burden of proof of adequacy, and plaintiff cannot meet her burden in this case. Further, movers argue that even when inadequacy of the service is not the fault of plaintiff, the case may be dismissed when defendant is prejudiced by untimely service, citing Sealed Appellant v. Sealed Appellee, 452 F.3d 415 (5th Cir. 2006). Movers argue they are prejudiced in this claim, because Mai went overboard on June 3, 2003, suit was not filed until June 2, 2006, one day before the three-year limitation, and "service has yet to be properly effected on Defendants."[17] Movers further argue "not only is evidence missing because of the delay, the undersigned is unable to even locate the Assureds in order to properly defend this claim."[18] Therefore, movers conclude, dismissal with prejudice pursuant to Rule 12(b)(5) is warranted.[19]

Movers also argue that the court does not have personal jurisdiction over movers due to the lack of proper service, and that plaintiff's claims have prescribed. Movers contend that 46 U.S.C. §30106 provides a three-year statute of limitations governing maritime personal injury and wrongful death claims, and "[a]pplying the three year statute of limitations to the facts, Plaintiff's claims against Defendants are prescribed and should be dismissed for Plaintiff's failure to state a claim upon which relief can be granted."[20]

In opposition, plaintiff argues service was proper, as at the time of the accident, and filing of suit, movers were living at 825 Eaton Drive, Abbeville, Louisiana. Plaintiff has attached to

---

[17] *Ibid.*, p. 7.

[18] *Ibid.*, p. 7.

[19] Rule 4(m) only provides for dismissal without prejudice for failure to timely serve. The court therefore will consider movers' request for dismissal with prejudice as a motion under Rule 41(b) for failure to prosecute.

[20] *Ibid.*, p. 11.

her opposition a "Vessel Critical Profile" and "Coast Guard Vessel Documentation," issued April 15, 2003, showing the Eaton Drive address. Also attached is a copy of an insurance policy cover sheet showing insurance issued to Van Ha and Phan Nguyen for the period 01-24-03 to 01-24-04, and two endorsements issued April 22, 2003, showing the Eaton Drive address.[21] Plaintiff claims she attached a public record as Exhibit C, showing that movers were living and residing at the Abbeville address at the time of filing of the suit. The undersigned cannot locate this record.

Alternatively, plaintiff argues if service was inadequate, under Fed. R. Civ. P. Rule 4(m), she should be given additional time to serve defendants. Plaintiff argues that at the time of service, she had no reason to believe Nguyen and Van Ha were not living at the Abbeville address, as that was the address given to the Coast Guard and on the insurance policy, and "[o]nly after receiving this motion to dismiss did the plaintiffs find out that the defendants were not living at 825 Eaton Drive."[22] Plaintiff argues in her reply that she has located the current address of movers, 610 Paris Street, Lafayette, LA 70506-6082, and asks she be given time to effect service.[23]

Addressing movers' prescription argument, plaintiff states she had three years to file suit from the date of the accident, June 3, 2003, and that she timely filed suit against Van Ha and Nguyen on June 2, 2008.

In reply, movers argue that, in addition to not being certified, the evidence submitted by plaintiff, the Vessel Profile and Coast Guard Vessel Documentation "governed a time when the

---

[21] Plaintiff's Opposition, Rec. Doc. 39, pp. 3-4, and Rec. Doc. 63, Exhibits.

[22] *Ibid.*, p. 4.

[23] Rec. Doc. 63, Exhibit G, Voter Registration Record.

vessel was owned by the Defendants and/or when the incident occurred, not when service was attempted."[24] Further, movers argue that the insurance policy, issued prior to the incident, "fails to establish that 825 Eaton Drive was Defendants' dwelling or usual place of abode at the time of the January 2007 service attempts."[25] Movers attach an affidavit of Todd L. Mercier, who attested on May 7, 2008, he was unsuccessful in locating Nguyen or Van Ha at 610 Paris Street, Lafayette, Louisiana, and was told by current residents of the Paris Street address they had no idea where to locate Van Ha or Nguyen.[26]

### *Applicable Law and Analysis*

Plaintiff filed her claim against defendants on June 2, 2006, less than three years from the time the decedent fell overboard on June 3, 2003. The applicable prescriptive period is three years, pursuant to 46 U.S.C. § 30106. Accordingly, the claims against movers were not prescribed when they were brought, and they will not be dismissed on this basis.

"When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." Systems Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990). Federal Rules of Civil Procedure 4(e) reads in pertinent part as follows:

> Unless federal law provides otherwise, and individual...may be served in a judicial district of the United States by:
> * * *
> (2) doing any of the following:

---

[24] Movers' Reply Brief, Rec. Doc. 62, p.3.

[25] *Ibid*.

[26] "Affidavit," Exhibit A, Mover's First Reply Brief, Rec. Doc. 49.

> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service or process.

Movers have introduced evidence in the form of an affidavit by Ms. Xuan Le, who accepted service at the Abbeville address, that at the time of service, neither defendant had a bedroom or kept personal belongings at the 825 Eaton Drive address, and that address was not defendants Ha or Nguyen's "home, domicile and/or usual place of residence."[27]

In opposition, plaintiffs have not introduced evidence that Van Ha or Nguyen's dwelling or usual place of abode was the 825 Eaton Drive address at the time of service. Fed. R. Civ. P. Rule 4(e) requires "leaving a copy of each at the individual's dwelling or usual place of abode" and makes no provision for leaving a copy at an individuals' "last known" dwelling or usual place of abode. The Supreme Court in <u>Earle v. McVeigh</u>, 91 U.S. 503, 1 Otto 503, 23 L.Ed. 398, 1875 WL 17912 (U.S. Va. 1975), interpreted "usual place of abode" many years ago, as follows:

> When the law provides that notice may be posted on the 'front-door of the party's usual place of abode,' in the absence of the family, the intention evidently is that the person against whom the notice is directed should then be living or have his home in the said house. He may be temporarily absent at the time the notice is posted; but the house must be his usual place of abode, so that, when he returns home, the copy of the process posted on the front-door will operate as notice; which is all that the law requires. By the expression, 'the usual place of abode,' the law does not meant the last place of abode; for a party may change his place of abode every month in the year. Instead of that, it is only on the door of his then present residence where the notice may be posted, and constitute a compliance with the legal requirement.

---

[27] "Affidavit," Exhibit A, Mover's Memorandum in Support of Motion to Dismiss, Rec. Doc. 37-2.

The increased mobility of individuals, and the ability to communicate information rapidly and over global distances, appears to have relaxed the strict interpretation of "dwelling or usual place of abode" of Rule 4(e)(2). The pragmatic approach used by courts in determining whether a place is a dwelling or usual place of abode was summarized in Wright and Miller, 4A Federal Practice and Procedure, § 1096 (3d Edition), as follows:

> Thus, it may be that if a place is capable of classification as a dwelling house or usual place of abode and notice actually is received by the defendant when served at that place, the service of process will be sustained. This approach seems especially appropriate when there is no place significantly more logical for the papers to be left. Conversely, when the person to be served has not attempted to evade service and has not received notice, the courts may find that a particular place is not that persons "usual dwelling house or place of abode" even though the party to be served spends a reasonable amount of time there.

There is no indication in the record either defendant received notice, and no indication either spends any reasonable amount of time at the 825 Eaton Drive address. Therefore, based on the record, the undersigned finds service of process upon the defendants did not comply with the provisions of Fed. R. Civ. P. Rule 4(e)(2).

Under Rule 4(m), when a plaintiff fails to serve a defendant within 120 days, it may either dismiss the action *without prejudice*, or direct that service be effected within a specific time. However, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). "To establish good cause, a litigant must demonstrate 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.' Additionally, the claimant must make a showing of good faith and establish 'some reasonable basis for noncompliance within the time specified.'" Systems Signs Supplies v. United States Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)(internal citations omitted).

Plaintiff has shown good cause for the failure to serve movers so far, at least from the time of the purported domiciliary service to date. First, plaintiff did not discover that movers were no longer residing at the Eaton Drive address until the motion to dismiss was filed. Secondly, plaintiff has demonstrated diligence in efforts to locate movers, both here in Lafayette, and in San Jose, California. From the time of filing the lawsuit, to the time of attempted domiciliary service, the court granted the plaintiff multiple extensions of time, presumably for good cause. Therefore, the court finds that plaintiff has established good cause for failure to serve.

However, even if there were not good cause for failure to serve, and a dismissal without prejudice were required under Rule 4(m), a dismissal without prejudice in this case will operate as a dismissal with prejudice, as the claims against Van Ha and Nguyen are now prescribed and cannot be refiled. In <u>Sealed Appellant v. Sealed Appellee</u>, 452 F.3d 415, 417 (5th Cir. 2006), the Fifth Circuit described its review of dismissals due to failure to prosecute, in the context of the failure to serve, as follows:

> We treat the dismissal without prejudice as a dismissal with prejudice, however, as to Appellants' claims that would be barred by limitations. Rule 41(d) dismissals with prejudice will be affirmed only on a showing of "'a clear record of delay or contumacious conduct by the plaintiff'..., and where lesser sanctions would not serve the best interests of justice."[28] (Internal citations omitted).

Unlike the facts in <u>Sealed Appellant</u>, 452 F.3d at 419, where there was "almost two years of total inactivity on Appellant's side," the record does not show so much a clear record of delay as a clear record of defeat – persons who cannot be found cannot be served.

---

[28]*Sealed Appellant*, 452 F.3d at 417, citing *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir. 1982).

Even if there were a clear record of delay in this case, movers have not shown that "lesser sanctions would not serve the best interest of justice" *at this time*.[29] Mai fell overboard in 2003 – over five years ago. Mai's body was never found, and eventually he was presumed dead. Plaintiff was within her rights under maritime law to delay suit for his death until 2006. While movers are certainly correct that the delay may have caused them prejudice in the form of diminished memory and missing evidence, it is unlikely that an 88.4 foot commercial fishing vessel, built in 2001, has entirely disappeared.[30] Also, while some recall may have dimmed, the event was unusual and dramatic, involving a man overboard and searches by an HH-65 Dolphin Coast Guard helicopter, a helicopter from a nearby oil rig, and by two good samaritans. The incident would not be easily forgotten.[31]

Plaintiff indicates she is familiar with the community in which movers once resided in Abbeville, and apparently has some "leads" on the whereabouts of defendants, as shown by the San Jose, California summons. It is not clear whether Van Ha and Nguyen are attempting to avoid service, or are being aided in their avoidance of same, but it is difficult for the undersigned to believe no one in their former Abbeville community knows anything about their present whereabouts. The undersigned concludes that another 45 days to locate and serve the defendants Van Ha and Nguyen is appropriate in this matter.[32] If the defendants Van Ha and Nguyen are not

---

[29] *Sealed Appellant*, 452 F.3d at 471, citing *Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir. 1982).

[30] See Coast Guard Vessel Documentation, Rec. Doc. 63, Exhibit C, to Defendant's Opposition, Rec. Doc. 39.

[31] U.S. Department of Homeland Security, U.S. Coast Guard, memorandum, Rec. Doc. 63, Exhibit B, to Defendant's Opposition, Rec. Doc. 39.

[32] The motion to dismiss for lack of personal jurisdiction was premised on the insufficient service of process, and thus is not reached at this time.

served within 45 days of the date of this order, movers may bring a motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. Rule 41(b), which, unless unforeseen circumstances dictate otherwise, the undersigned will recommend granting.

## *Conclusion*

For the foregoing reasons,

**IT IS THE RECOMMENDATION** of the undersigned that:

1) Plaintiff be given 45 days from the date of the District Judge's ruling on this report and recommendation to serve defendants Van Ha and Nguyen; and

2) The court **DENY** the pending motion to dismiss (rec. doc 37) without prejudice to refile if the defendants are not served within 45 days of the date of the District Judge's ruling on this report and recommendation.

Signed at Lafayette, Louisiana, on November 12, 2008.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)