RECEIVED

MAR 1 6 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| THUY HOA "TIFFANY" NGO, ADMINISTRATRIX OF THE ESTATE OF MAI NGUYEN (DECEASED) AND AS GUARDIAN OF THE PERSON AND PROPERTY OF HER MINOR DAUGHTER, JESSICA NGUYEN | CIVIL ACTION NO. 08-00758 |
| VERSUS | JUDGE DOHERTY |
| BACH VAN HA THI, PHAN NGUYEN, IN PERSONAM, AND F/V BAO NGOC, IN REM | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING

Currently pending before the Court is a motion to reurge a previously filed motion to dismiss plaintiff's claims, pursuant to FED R. CIV. P. 12(b)(2) (lack of personal jurisdiction), 12 (b)(5) (insufficient service of process) and 12(b)(6) (failure to state a claim upon which relief can be granted). [Doc. 85] The motion was filed by defendants Van Ha (incorrectly designated as "Bach Van Ha Thi") and Phan Nguyen.

On June 2, 2006, plaintiff, Thuy Hoa "Tiffany" Ngo (as administrator of the estate of Mai Nguyen and as guardian of her minor daughter, Jessica Nguyen) filed a complaint in the Eastern District of Louisiana alleging as follows: on June 3, 2003, Mai Nguyen, the father of Jessica, was working as one of the crew members aboard the F/V BAO NGOC, when he allegedly became entangled in a shrimping net and fell overboard. Mai's body was never recovered and he is presumed deceased. The fishing vessel was owned, manned, and controlled by defendants Van Ha

and Phan Nguyen.

Plaintiff brought suit against defendants Van Ha and Phan Nguyen for negligence under the Jones Act and unseaworthiness.[1] Plaintiff has been unable to serve these defendants since commencement of this suit on June 2, 2006. Stated otherwise, it has been approximately three and one-half years since the suit was filed, and approximately six and one-half years since the incident occurred, and neither Van Ha nor Phan Nguyen has been served.[2] (For a more detailed history of this case, see the Report and Recommendation issued by former Magistrate Judge Methvin on November 12, 2008, and adopted by this Court on January 28, 2009. [Docs. 64 & 79]) The Eastern District of Louisiana held several show cause hearings to consider dismissal of the suit for plaintiff's failure to serve defendants, and did indeed dismiss this matter without prejudice on April 11, 2007. [Docs. 9 & 10] On May 16, 2007, upon motion of the plaintiff, Judge Fallon vacated his order of dismissal and reopened the case. [Doc. 14] He additionally ordered: "Plaintiff is allowed thirty (30) days from entry of this Order to serve the defendants, Back Van Ha Thi and Phan Nguyen, or this matter will be dismissed with prejudice." [Doc. 14]

On April 15, 2008, counsel for Allianz Marine & Aviation ("Allianz") filed the aforementioned Motion to Dismiss pursuant to FED R. CIV. P. 12(b)(2), 12 (b)(5) and 12(b)(6) on

---

[1] Plaintiff additionally sued the vessel, in rem. On January 31, 2007, the claim against the vessel was dismissed without prejudice by Judge Fallon of the Eastern District of Louisiana. [Doc. 8] Additionally, on March 31, 2008, Judge Fallon granted plaintiff's motion to file a supplemental and amended complaint, which added three insurance companies who allegedly provided coverage for this incident. [Docs. 34 & 35] Two of the insurance companies were subsequently dismissed. [Docs. 102 & 103]

[2] Plaintiff states defendants "have managed to avoid being served at any location that investigators have been able to trace them to and have, supposedly, moved back to the country of Vietnam." [Doc. 93, p.2]

behalf of Van Ha and Phan Nguyen, assureds under an insurance policy issued by Allianz.[3] [Doc. 37] In the alternative, defendants moved for a dismissal pursuant to FED R. CIV. P. 12(b)(3) (improper venue). [Doc. 37] On May 14, 2008, Judge Fallon granted defendants' motion insofar as it requested a transfer of venue to this Court, however he denied all other relief. [Doc. 52]

On July 8, 2008 (after the matter was transferred to this Court), defendants reurged their motion to dismiss with this Court. The motion was referred to Magistrate Judge Methvin for issuance of a Report and Recommendation. On November 12, 2008, the Report and Recommendation issued, recommending:

1) Plaintiff be given 45 days ... to serve defendants Van Ha and Nguyen; and

2) The court **DENY** the pending motion to dismiss (rec. doc 37) without prejudice to refile if the defendants are not served within 45 days of the date of the District Judge's ruling on this report and recommendation.

The Magistrate Judge additionally stated:

If the defendants Van Ha and Nguyen are not served within 45 days of the date of this order, movers may bring a motion to dismiss for failure to prosecute pursuant to Fed. R. Civ. P. Rule 41(b), which, unless unforeseen circumstances dictate otherwise, the undersigned will recommend granting.

[Doc. 64, pp. 11-12] As previously noted, the Report and Recommendation was adopted in its entirety by this Court on January 28, 2009. [Doc. 79]

Defendants now reurge the motion to dismiss. Because it has now been more than one year and one month since this Court entered the foregoing Judgment and defendants still have not been served, as well as for the reasons provided in the previously issued Report and Recommendation (adopted by this Court on January 28, 2009), plaintiff's claims against Van Ha and Phan Nguyen

---

[3]Allianz states it too has been unable to locate defendants. [*See e.g.* Docs. 37-2, p.7 & 85, p.2]

are hereby DISMISSED WITHOUT PREJUDICE for failure to serve defendants, pursuant to FED R. CIV. P. 4(m).[4]

Signed at Lafayette, Louisiana on this ___16___ day of March, 2010.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[4]The Court notes Rule 4(m) requires dismissal "without prejudice." However, the Court recognizes, in this matter, the dismissal will be treated as a dismissal with prejudice for all intents and purposes, as the claims against Van Ha and Nguyen are now prescribed and cannot be refiled. *See* Sealed Appellant v. Sealed Appellee, 452 F.3d 415, 417 (5th Cir. 2006)(District court's dismissal without prejudice for failure to prosecute was treated by appellate court as dismissal with prejudice, as to claims barred by statute of limitations).