RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7 / 12 / 10
6/3

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| THUY HOA NGO, | CIVIL ACTION NO. 08-00758 |
| VERSUS | JUDGE DOHERTY |
| BACH VAN HA THI, ET AL | MAGISTRATE JUDGE HANNA |

## MEMORANDUM RULING

Currently pending before the Court is a "Allianz Marine and Aviation's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Alternatively, Rule 12(c) Motion for Judgment on the Pleadings,"[1] wherein defendant argues, "[t]he claims against Allianz must be dismissed, with prejudice, as a matter of law," or "alternatively, to the extent the Court finds the claims against Allianz may not be dismissed by virtue of the Louisiana Direct Action Statute, Allianz . . . challenges the constitutionality of the Louisiana Direct Action statute . . . ." [Docs. 86; 86-2, pp. 25-6] For the following reasons, the motion is DENIED.

### Factual and Procedural Background

On June 2, 2006, plaintiff, Thuy Hoa "Tiffany" Ngo (as administrator of the estate of Mai Nguyen and as guardian of her minor daughter, Jessica Nguyen) filed a complaint in the Eastern District of Louisiana alleging as follows: on June 3, 2003, Mai Nguyen, the father of Jessica, was working as one of the crew members aboard the F/V BAO NGOC, when he allegedly became entangled in a shrimping net and fell overboard. Mai's body was never recovered and he is presumed deceased. The fishing vessel was owned, manned, and controlled by defendants Van Ha

---

[1]Subsequent to the filing of the motion, Allianz Marine & Aviation merged with Allianz Global Risks, and thereafter, filed a motion to substitute "Allianz Global Corporate & Specialty" (the successor entity) in the place of "Allianz Marine & Aviation." [Doc. 108] The motion was granted. [Doc. 113]

and/or Phan Nguyen. [Doc. 1]

Plaintiff's original complaint named as defendants: Van Ha, Phan Nguyen, and the F/V BAO

NGOC. [Doc. 1, ¶¶ 4-6]  The complaint asserts a claim of negligence pursuant to the Jones Act and

a claim for unseaworthiness.[2] [Id. at ¶¶ 12, 16] Plaintiff additionally sought a "maritime lien on

behalf of plaintiff . . . and judgment *in rem* rendered against the F/V Bao Ngoc." [Id. at p.6] Plaintiff

asserts the Court has jurisdiction over this matter pursuant to "the Jones Act and the general

maritime law of the United States." [Id. at ¶ 2]  She further states the claim for Jones Act negligence

is a claim "at law" [Id. at ¶ 12], whereas the claims for unseaworthiness and a maritime lien are

claims "within the admiralty and maritime jurisdiction of the Court, within the meaning of Rule 9(h)

of the Federal Rules of Civil Procedure" [Id. at ¶¶ 16, 20].  Accordingly, it appears plaintiff asserts

jurisdiction exists over this matter pursuant to 28 U.S.C. § 1331 (federal question - *i.e.* the Jones

Act) and § 1333 (admiralty, maritime and prize cases - *i.e.* unseaworthy vessel and maritime lien);

however, it also seems plaintiff has invoked the exclusivity of a 9(h) declaration.[3]

On September 19, 2006, a "call docket" was set in the Eastern District of Louisiana,

identifying a substantial number of cases (including this matter) "in which issue is not joined, or in

which there has been no action within the past 60 days . . . and unless good cause be shown [by

October 25, 2006], they will be dismissed . . . ." [Doc. 3] On October 24, 2006, plaintiff moved to

---

[2]No claim has been asserted pursuant to the Death on the High Seas Act.  46 U.S.C. §§ 30301 - 30308.

[3]However, in her opposition memorandum to the pending motion, plaintiff states: "In this matter, jurisdiction exists pursuant to 28 U.S.C. § 1333 – admiralty and maritime jurisdiction – and the applicable statutes of limitation are found under federal maritime law." [Doc. 93, p.5] No mention is made of this Court's federal question jurisdiction.  Additionally, plaintiff made no request for a jury trial in her complaint for the claim of Jones Act negligence.  Accordingly, plaintiff is **ORDERED** to clarify within 15 days the intended basis for jurisdiction.  Although such clarification is not required in order to determine the legal issue presented by this motion, the issue must be clarified as it has other consequences within the law.

"pass the above captioned and entitled matter from the . . . call docket," in part because "plaintiff has had difficulty locating the whereabouts of defendants for proper service of the Complaint in this matter." [Doc. 4, p.1] The motion was granted, and the hearing was reset for January 31, 2007. [Docs. 6, 7] The minutes of the January 31, 2007 hearing state: "Ordered: Deft, FV Bao Ngoc, is dismissed without prejudice. Service on other defts to be filed." [Doc. 8, p.1]

On April 11, 2007, another "call docket" hearing within the Eastern District was held. Plaintiff's counsel failed to appear at the hearing[4], and the entire case was dismissed without prejudice. [Docs. 9, 10] Plaintiff's counsel subsequently filed a motion for new trial, stating he had not received notice of the hearing. On May 17, 2007, the Eastern District vacated the judgment of dismissal and granted plaintiff thirty (30) days from the entry of the Order to serve defendants. [Doc. 14] On June 4, 2007, plaintiff filed into the record two service returns showing defendants Van Ha and Nguyen had been served on January 30, 2007, by Oscar Araujo, who left a copy of the summons and complaint at 825 Eaton Drive, Abbeville, Louisiana "with a person of suitable age and discretion then residing therein," namely, Xuan Le.[5] [Docs. 15, 16]

On November 19, 2007, a preliminary default was entered against Van Ha and Nguyen. [Doc. 24] A docket call within the Eastern District was held on February 13, 2008, and was passed for 30 days to allow the plaintiff to amend her complaint to include defendants' insurers. [Doc. 26] On March 17, 2008, plaintiff filed a motion for extension of time to amend her complaint. [Doc. 27] In the motion, plaintiff's counsel stated he had contacted the attorney he believed would be representing the insurer defendants, Matthew D. McConnell of Preis, Kraft & Roy, giving him a

_____

[4]A different attorney is now lead in handling this matter on behalf of plaintiff.

[5]This address was identified on the "Coast Guard Vessel Documentation," and the proof of insurance issued by Allianz, as the address of the owner of the M/V BAO NGOC. [Docs. 93, p.3; 39-3; 39-4]

copy of the suit and requesting insurance information, but no responsive pleading or insurance information had yet been provided.[6] The motion for extension was granted, and the plaintiff was given an additional 30 days to amend her complaint to include the defendants' insurers. [Doc. 28]

On March 26, 2008, defense counsel made its first appearance in this matter - namely, counsel for Van Ha and Nguyen (who would later appear as counsel on behalf of Allianz) filed a motion for an extension of time to file responsive pleadings on behalf of Van Ha and Nguyen. [Doc. 29] The motion was granted. [Doc. 33]

On March 27, 2008, plaintiff filed an amended complaint adding as defendants three insurance companies which allegedly owed coverage for the claims at issue, namely: Allianz Marine & Aviation, National Casualty Company, and Lloyd's Underwriters.[7] [Docs. 30, 35] On April 15, 2008, defendants Van Ha and Nguyen, represented by the same attorney as Allianz, filed a motion

---

[6]The letter (dated February 26, 2008) sent to counsel for Allianz, Van Ha and Nguyen reads (in pertinent part) as follows:

> Please find enclosed a copy of the lawsuit that Ivan Orihuela and I have filed for our clients Tiffany Ngo and Jessica Nguyen in the USDC Eastern District of Louisiana on June 2, 2006. We have obtained a preliminary default against the named defendants but we have not confirmed the default. We are in the process of amending the complaint to name the insurance company as a defendant. At this time we have no information concerning the insurance carrier for the F/V BAO NGOC. On April 21, 2005, you forwarded a copy of the insurance policy to Mr. David B. Anderson, a copy of which was not forwarded to us when he transferred the file. I now respectfully request that you extend courtesy to us and forward a copy of the policy that was in effect for the F/V BAO NGOC on the date of loss.

[Doc. 27-1]

[7]National Casualty company and Lloyd's were later voluntarily dismissed by plaintiff, leaving Allianz as the only insurer-defendant in this case. [Docs. 102 & 103] Allianz was served with the Original Complaint on January 13, 2009, and served with the amended complaint on March 11, 2009. [Docs. 76, 81]

to dismiss, or alternatively, transfer this matter to the Western District of Louisiana.[8] [Doc. 37]  The motion was granted to the extent it sought a transfer, and the case was transferred to this Court on May 23, 2008.  [Docs. 52, 53]

On January 28, 2009, upon request, this Court granted plaintiff an additional 45 days to serve defendants Van Ha and Nguyen, as counsel for Van Ha and Nguyen re-urged their previously filed motion to dismiss, arguing they had not been properly served. [Docs. 37; 39, p.4; 64, 79]  However, plaintiff was unable to locate and serve those defendants, and the claims against Van Ha and Nguyen were dismissed without prejudice on March 16, 2010.[9] [Docs. 106, 107] On March 31, 2009, Allianz filed the pending motion to dismiss the claims asserted against it.

## Standard of Review

### 1.    Rule 56

Because plaintiff has presented matters outside the pleadings, the motion to dismiss (pursuant to Rule 12(b)(6), or alternatively, Rule 12(c)) will be treated as a motion for summary judgment pursuant to Rule 56. *See* Fed. R. Civ. P. 12(d). Furthermore, as more than ten days have elapsed between the hearing date and this ruling, this Court is not required to provide "express notice" of its decision to convert the motion to dismiss to a summary judgment motion. *Mackey v. Owens*, 182 F.3d 915 (5th Cir. 1999)(unpublished); *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 195-96 (5th Cir.1988); *Hager v. NationsBank N.A.*, 167 F.3d 245, 247, n.1 (5th Cir. 1999).

"A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary

---

[8]According to plaintiff's counsel, "[o]nly after receiving this motion to dismiss did the plaintiffs find out that the defendants were not living at 825 Eaton Drive." [Doc. 39, p.4; *see also* Doc. 93, p.3]

[9]A recitation of the attempts and resources plaintiff's counsel expended in attempting to serve Van Ha and Nguyen is contained in Rec. Doc. 84. *See also* Doc. 39, p. 2.

judgment in the party's favor as to all or any part thereof." Fed. R. Civ. Proc. 56(b).  Summary

judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

> When a motion for summary judgment is made and supported as provided in this
> rule, an adverse party may not rest upon the mere allegations or denials of the
> adverse party's pleading, but the adverse party's response by affidavits or as
> otherwise provided in this rule, must set forth specific facts showing that there is a
> genuine issue for trial.  If the adverse party does not so respond, summary judgment,
> if appropriate, shall be entered against the adverse party.

Fed. R. Civ. Proc. 56(e).

As summarized by the Fifth Circuit in *Lindsey v. Sears Roebuck and Co.*, 16 F.3d 616, 618

(5th Cir. 1994):

> When seeking summary judgment, the movant bears the initial responsibility
> of demonstrating the absence of an issue of material fact with respect to those issues
> on which the movant bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477
> U.S. 317 (1986). However, where the non-movant bears the burden of proof at trial,
> the movant may merely point to an absence of evidence, thus shifting to the
> non-movant the burden of demonstrating by competent summary judgment proof that
> there is an issue of material fact warranting trial. Id. at 322; *see also, Moody v.
> Jefferson Parish School Board*, 2 F.3d 604, 606 (5th Cir.1993); *Duplantis v. Shell
> Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir.1991). Only when "there is sufficient
> evidence favoring the nonmoving party for a jury to return a verdict for that party"
> is a full trial on the merits warranted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
> 249 (1986).

> The Supreme Court has instructed:

> The plain language of Rule 56(c) mandates the entry of summary judgment, after
> adequate time for discovery and upon motion, against a party who fails to make a
> showing sufficient to establish the existence of an element essential to that party's
> case, and on which that party will bear the burden of proof at trial.  Where no such
> showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law'
> because the nonmoving party has failed to make a sufficient showing on an essential
> element of her case with respect to which she has the burden of proof."

*Lujan v. National Wildlife Federation*, 497 U.S. 871, 884 (1990)(quoting *Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 322-23 (1986)).  The Court later states:

> In ruling upon a Rule 56 motion, "a District Court must resolve any factual issues of controversy in favor of the non-moving party" only in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the motion must be denied. That is a world apart from "assuming" that general averments embrace the "specific facts" needed to sustain the complaint. As set forth above, Rule 56(e) provides that judgment "shall be entered" against the nonmoving party unless affidavits or other evidence set forth specific facts showing that there is a genuine issue for trial. The object of this provision is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit. Rather, the purpose of Rule 56 is to enable a party who believes there is no genuine dispute as to a specific fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues.

*Id.* at 888-89 (1990)(internal quotations and citations omitted)

The Fifth Circuit has further elaborated:

> [The parties'] burden is not satisfied with 'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence.  We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.  We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts. ...[S]ummary judgment is appropriate in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)(citations and internal quotations omitted).

Finally, in evaluating evidence to determine whether a factual dispute exists, "credibility determinations are not part of the summary judgment analysis." *Id.*  To the contrary, "in reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party, as well as that evidence supporting the moving party that is uncontradicted and unimpeached." *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir. 2001).

## Argument & Analysis

The following comprise the basis of defendants' argument that plaintiff's claims against

Allianz should, as a matter of law, be dismissed:

**A.      Defense Argument No. 1: "Plaintiff Possesses no Valid Claim Adverse to Allianz as Plaintiff's Claims Against Allianz Are Prescribed."[10]**

Defendant argues:

> As Plaintiff's claims are based on the alleged disappearance of Mai Ngyuen which occurred on or about June 3, 2003, Plaintiff had three (3) years from this date to file suit and to effect service of process. . . . It was not until nearly five (5) years later, on or about March 27, 2008, that Plaintiff amended her Complaint to name Allianz Marine and Aviation. Allianz was not served with suit until January 13, 2009, over five (5) years after the alleged tort. Clearly, under general maritime law, Plaintiff had until June 3, 2006, to bring claims against Defendants and had 120 days from that time to effect service. Given the facts, Plaintiff has failed to properly and timely file claims adverse to Allianz.

[Doc. 86-2, p.7] As a determination of this issue turns upon the threshold issue of whether or not the

amended complaint "relates back" to the original complaint, this argument will be addressed in

Section "C".

**B.      Defense Argument No. 2: "The Louisiana Direct Action Statute (La. R.S. 22:1269) Does Not Apply to Resurrect Plaintiff's Expired Claims and Should it be Found to Apply, Allianz Challenges the Constitutionality of any such Application."[11]**

Defendant argues:

> It is anticipated that the Plaintiff will argue her claims against Allianz come within the Louisiana Direct Action Statute contained in La. R.S. 22:1269 and, that as such, her claims against Allianz are governed by Louisiana law governing prescription of claims. . . . In sum, it is expected that Plaintiff will suggest that her filing of suit against Allianz's purported Assureds, Ha and Nguyen, served to interrupt prescription against their Insurers, such as Allianz.

---

[10][Doc. 86-2, p.6]

[11][Doc. 86-2, p.7]

Although Louisiana Civil Code Article 1799 provides interruption of prescription against solidary obligors (and Plaintiff will presumably argue Ha and Nguyen and its purported Insurer, Allianz are solidary obligors pursuant to La. R.S. 22:1269(B)(1)), Louisiana Civil Code Article 3462 precludes such interruption of prescription when a matter is not commenced in a court of proper venue or when a defendant is not served with process within the prescriptive period on matters commenced in such improper venue. Both bars to interruption of prescription clearly apply in the case at bar.

With respect to filing in improper venue, as noted above, Plaintiff's Original Complaint was filed in the United States District Court, Eastern District of Louisiana [an improper venue, pursuant to 28 U.S.C. § 1391]. . . .

. . .

. . . The prescription period is not tolled by filing suit in an improper venue unless a Defendant is actually served with process.

[Doc. 86-2, pp. 12-14]

First, while this Court recognizes plaintiff *may* be entitled to bring suit against defendant pursuant to Louisiana's Direct Action Statute ("DAS"), La. R.S. 22:1269[12], even if plaintiff may do so, defendant has not provided any basis for invocation of Louisiana procedural law - specifically, La. Civ. Code art. 3462 – within a case brought in federal court, invoking jurisdiction under general maritime law (and perhaps federal question). Second, the Court notes all cases cited in support of defendant's position (*i.e.* that prescription is not tolled by filing suit in an improper venue unless a Defendant is actually served with process) are inapplicable to the matter at hand, as those cases

---

[12]Under Louisiana law, an injured party may bring a direct action against an insurer for the tortious conduct of the insured if one of the following conditions are satisfied: (1) the accident occurred in Louisiana; (2) the policy was written in Louisiana; or (3) the policy was delivered in Louisiana. *Landry v. Travelers Indem. Co.*, 890 F.2d 770, 772 (5th Cir. 1989). Whether or not the foregoing conditions have been satisfied is not an issue before this Court at this time. For maritime and federal question jurisdiction cases involving invocation of the Louisiana Direct Action Statute, *see e.g. Zimmerman v. International Companies & Consulting, Inc.*, 107 F.3d 344, 345-46 (5th Cir. 1997), *abrogated on other grounds as recognized in Todd v. Steamship Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 330 (5th Cir. 2010); *Pacific Employers Ins. Co. v. M/T Iver Champion*, 1995 WL 295293, *5 (E.D.La.); *Sassoni v. Savoie*, 327 F.Supp. 474 (D.C.La. 1971); *F.D.I.C. v. Mijalis*, 15 F.3d 1314 (5th Cir. 1994).

address application of state procedural rules regarding service of process in cases brought pursuant to diversity jurisdiction.[13] As previously noted, this matter was brought pursuant to this Court's admiralty jurisdiction (and perhaps federal question jurisdiction)[14]; nothing in the pleadings indicates plaintiff has invoked diversity jurisdiction. Accordingly, presumptively, federal procedural rules apply, thus, defendant's argument, as made, is neither supported or persuasive. *See e.g. Waguespack v. Aetna Life & Cas. Co.*, 795 F.2d 523, 527 (5th Cir. 1986)("We find no merit in Waguespack's other attempts to show that his suit against ACBL was timely, including his argument that exposure to solidary liability under Louisiana law suspends the running of a federal statute of limitations or the specific requirements of Rule 15"); *Maxwell v. Swain*, 833 F.2d 1177, 1178 (5th Cir.1987)("Although certain state statutes require both timely filing and service of process before a statute of limitation is tolled, federal courts have held that federal limitation periods are tolled from the date that a suit is filed as long as service is effected within a reasonable time. Today we adhere to similar reasoning to toll the federal limitation when suit is filed in a state court lacking venue.").

Defendant next asserts various equity arguments (*e.g.* "interests of justice and fairness heavily weigh against preserving Plaintiff's claims against Allianz"), but has provided no authority which would allow this Court to rule based upon equitable arguments alone. *See also, Krupski v. Costa Crociere S. p. A.*, --- S.Ct. ---, 2010 WL 2243705, *10 (Rule 15 "mandates relation back once

---

[13]In fact, the second case cited by defendant in support of its position, *McClintock v. School Bd. East Feliciana Parish*, 299 Fed.Appx. 363, 366 (5th Cir. 2008) specifically states: "We have expressly held that . . . [La. Civ. Code art. 3462] governs the determination of whether the prescriptive period has expired for suits filed in federal court **based on diversity, as well as those based on § 1983 claims.**" *Id.* at 366 (emphasis added)(citing *Calhoun v. Ford*, 625 F.2d 576, 577 (5th Cir. 1980). *Calhoun* is the first case cited by defendant in support of its position, and, like *McClintock*, the *Calhoun* court clearly identifies the rule as applying only to diversity cases. *See also Walker v. Armco Steel Corp.*, 446 U.S. 740, 750 (1980).

[14]*See* p.2 and n.3, *supra.*

-10-

the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back

to the district court's equitable discretion").

> Finally, defendant argues:

> In the alternative, and only should the Court deem the Louisiana Direct Action Statute supports Plaintiff's continued pursuit of claims against Allianz, Allianz challenges the constitutionality of the Louisiana Direct Action Statute as the Due Process Clause of the Fourteenth Amendment of the United States Constitution, guarantees that no state shall deprive a person of life, liberty or property without due process of law.

[Doc. 86-2, p.17]

First, the Court notes the cases cited by defendant in support of its argument are either

factually distinguishable, non-binding, or both. For example, in *Thyssen, Inc. v. NOBILITY MV*, 421

F.3d 295, 300-04 (5ᵗʰ Cir. 2005), the Fifth Circuit held "the district court did not commit clear error

in finding National Union's situation reached the level of adequate prejudice." *Id.* at 304. There,

plaintiff obtained a default judgment against an unrepresented assured, prior to notice being given

to the insurer. *Id.* at 298. Thereafter, plaintiff filed a supplemental and amending complaint to name

the insurer as defendant pursuant to the Louisiana Direct Action Statute. *Id.* The insurance policy

at issue required the assured to provide the insurer with timely notice of any occurrences and claims

that could potentially be covered by the policy. *Id.* After the close of plaintiff's case at the

subsequent bench trial, the district court granted the insurer's motion for involuntary dismissal,

finding the insurer was prejudiced by the late notice. *Id.* at 299. On appeal, the Fifth Circuit stated:

> This Court has interpreted Louisiana law on late notice in the context of the LDAS . . . to mean that "the insurer can defend successfully against the third party *only if it can demonstrate prejudice* from the insured's failure to comply with the policies' notice provisions." *Auster Oil*, 891 F.2d at 579 (emphasis added). We restated this standard in *Jackson v. Transportation Leasing Co.*, 893 F.2d 794 (5th Cir.1990)(per curiam):

> [W]here through the Louisiana Direct Action statute, La. Rev.Stat.Ann. 22:655, an injured third party directly sues the insurer, the third party does not lose his cause of action due to the insured's breach of the notice provisions of the policy. The insurer can defend successfully against the third party only if it can demonstrate prejudice from the insured's failure to comply with the policy's notice provisions.

*Id.* at 299-300.  In reviewing the district court's finding of prejudice, the Fifth Circuit found as follows:

> To the extent the district court placed part of the fault for the late notice on [plaintiff], we give little credit to that as a reason in light of the strong Louisiana public policy in favor of direct actions by an injured third party. *See West*, 46 So.2d at 129-30 [holding where an injured third person is not at fault, he does not lose his right or cause of action under the LDAS where the insured breached a notice provision in the policy with its insurer].
>
> However, several other factors weigh in favor of prejudice.  National Union makes persuasive arguments that it would have, with proper notice of the claim, challenged when some of the coil damage occurred (preloading and/or onboard versus discharge); whether the damage was entirely caused by S & S; and the method by which damages were calculated. Moreover, National Union makes cogent arguments that S & S was neither adequately represented by Martin Ottaway nor represented at all by counsel at the default judgment hearing, and that Thyssen had the ability to but did not mitigate some of the damage. There was no evidence that National Union would have refused to defend or denied coverage to S & S under the policy. Also, the default judgment addressed the issue of damages. Thus, we conclude that the district court did not commit clear error in finding National Union's situation reached the level of adequate prejudice.

*Id.* at 303-04.

The only other case cited by defendant in support of its position, *Elrod v. P.J. St. Pierre Marine, Inc.*, 663 So.2d 859 (La. 5 Cir. 1995), involves a factual scenario similar to *Thyssen*. There, after obtaining a default judgment against his employer/tortfeasor, plaintiff filed a "Petition to Make Judgment Executory and for Garnishment" against his employer's insurer.  The insurer then filed a separate suit for Declaratory Judgment, arguing it did not provide coverage for the claim because plaintiff's employer did not comply with the policy conditions, in that the employer failed to notify

its insurer, agents or representatives of the lawsuit.  The Court also noted plaintiff had never notified the insurer of the lawsuit prior to obtaining a default judgment.  The appellate court stated the applicable legal principle as follows: "The injured party's right to recover . . . [against a tortfeasor's insurer] may be defeated if the insurer can demonstrate prejudice from the insured's failure to comply with the policies' notice provisions."  *Id.* at 863.  The court then held the insurer had adequately demonstrated prejudice, reasoning as follows:

> In the instant case, [the insurer] has met its burden of proving sufficient prejudice to defeat the third party's [*i.e.* the plaintiff's] claim against it at this juncture. Plaintiff is seeking payment of a default judgment entered against [his employer] in a case where [the employer] did not notify [its insurer] that he had been sued and there was no showing that [the insurer] received notice from any other source and, therefore, the insurer did not have opportunity to appear in the case and present a defense. Under the facts presented, the insurer was very active in the case in providing plaintiff his maintenance and cure payments and in settlement negotiations. There is no doubt that had OMI known of the suit against its insured it would have presented a defense to the case. As stated in *Hallman* [*v. Marquett Casualty Co.*, 149 So.2d 131 (La.App. 2nd Cir. 1963],
>
> > ... it would be difficult to conceive of greater prejudice, and of a confiscatory result being reached, than a demand for payment of a default judgment of which a defendant is totally ignorant, and which, through the failure of the assured to comply with the terms of the contract and forward the process and pleadings to the insurer, it has been deprived of its right to defend the action.
>
> Therefore, under the facts presented in this case, where plaintiff's right to recover against the insurer is derived from the insurer's liability to the insured, and the insured failed to provide the insurer with notice of the suit, depriving the insurer of its right and opportunity to defend the action, the insurer has proven sufficient prejudice to defeat the third party's action against it.[FN2]
>
> > [FN2.] *We expressly do not address herein plaintiff's right to assert a claim against the insurer under a direct action statute. If such a lawsuit was brought, where the insurer was given the opportunity to present a defense to the claim, the out-come might well be different.*

*Elrod* at 11-12 (emphasis added).

In this matter, defendant has not shown the type of prejudice discussed in *Thyssen* or *Elrod*. This matter regrettably is still in its infancy, (as plaintiff has been on a futile mission for several years to attempt to locate and serve the vessel owners), discovery has yet to begin in earnest, no answer to the complaint has yet been filed given the jockeying as to service and the motion to dismiss, no trial date has been set, no default judgment has been entered.  Furthermore, in the pending motion, defendant does not argue its insured failed to comply with any notice provision contained in the policy, nor does it argue the policy even contains such a notice provision. Finally, the *Elrod* case undercuts defendant's reliance upon it, when it addresses a factual scenario similar to this matter, stating: "We expressly do not address herein plaintiff's right to assert a claim against the insurer under a direct action statute. If such a lawsuit was brought, where the insurer was given the opportunity to present a defense to the claim, the out-come might well be different." *Elrod* at 12, n.2.

Additionally, this Court has *not* found "the Louisiana Direct Action Statute supports Plaintiff's continued pursuit of claims against Allianz," as such an argument has not been properly presented to this Court. [Doc. 86-2, p. 17] As noted at page 9 of this Ruling, "the Court recognizes plaintiff *may* be entitled to bring suit against defendant pursuant to Louisiana's Direct Action statute."  In no way has this Court made any determination as to whether plaintiff is or is not entitled to bring suit against Allianz under the actual facts of this case. No party has frontally addressed nor fully briefed that issue, such that this Court could or would make such a determination at this time. In fact, defendant alludes to certain arguments it wishes to develop with regard to the applicability of the DAS in this matter, concluding with, "Allianz reserves the right to argue the non-application of the Direct Action statute based on the Plaintiff's failure to demonstrate the policy was issued or delivered in Louisiana." [Doc. 86-2, p.16]

-14-

Finally, "[i]t is a well-established canon of construction that federal courts avoid addressing constitutional questions when possible, even those that are raised by the parties." *U.S. v. Lipscomb*, 299 F.3d 303, 359 (5th Cir. 2002). For all of the foregoing reasons, the Court finds any challenge to the constitutionality of the Louisiana Direct Action statute is unsupported and premature, and the Court thus declines to address that argument at this time.

**C.      Defense argument No. 3: "Plaintiff's Amended Complaint, Adding Defendant, Allianz Marine and Aviation Does Not Meet the Federal Rules of Civil Procedure, Rule 15(c) Requirements Allowing New Claims to 'Relate Back' to the Original Complaint."[15]**

The basis of defendant's argument is a bit difficult to discern. Other than setting forth its general position (*i.e.* the amended complaint does not relate back)[16] and summarizing various jurisprudence, the only specific argument defendant makes in support of its position (found trailing at the end of a paragraph approximately three pages into the applicable section of its brief) states as follows: "As in *Ardleigh*, Defendants in the instant matter did not receive notice of Plaintiff's suit until long after the limitation periods provided in Fed. R. Civ. P. 15(c) expired." [Doc. 86-2, p.16] Accordingly, it appears defendant's only argument is that plaintiff's amended complaint cannot relate back, because defendant alleges it did not receive proper notice, pursuant to Rule 15(c)(1)(C).[17]

---

[15][Doc. 86-2, p.13]

[16]Specifically, defendant's position is as follows: "These arguments [regarding relation back] have been made before and were rightly rejected"; "The Plaintiff herein cannot successfully argue that her newly filed Amended Complaint (asserted in March 2008-nearly five years post-June 2003 accident) 'relates back' to original claims asserted against different Defendants. The claims against Allianz remain prescribed." [Doc. 86-2, pp.18, 22]

[17]The Court has gleaned no other argument from this section of defendant's brief. Accordingly, although defendant does not designate which portion of Rule 15(c) plaintiff has failed to meet - *i.e.* section (A), (B), or (C) - this Court will address only whether or not the requirements of Rule 15(c)(1)(C) have been met, as no other sections are addressed, even by implication.

In the factual section of its brief, Defendant states it was "not served with either the Original

Complaint or the Amended Complaint until January and March 2009." [Doc. 86-2, p.7] Defendant

further argues:

> **Allianz was completely unaware that a suit was pending** against Ha and Nguyen
> and was not served with the Amended Complaint (filed in March 2008) **until March
> 11, 2009-nearly six years post-incident.** The undersigned did not even learn of this
> lawsuit until nearly five years after the incident when on February 26, 2008,
> Plaintiff's counsel contacted an attorney formerly practicing with the undersigned,
> Matthew D. McConnell. Plaintiff's counsel called requesting a copy of the insurance
> policy potentially applicable to the allegations made in the Complaint.   Before
> February 26, 2008, the undersigned had no indication that a lawsuit had been filed
> and presumably the Assureds likewise had no notice that a lawsuit has [sic] been
> filed.  Attempts to contact the Assureds . . . were unsuccessful. . . .
>
> Following the February 2008 initial notice of the almost two year old lawsuit,
> the undersigned swiftly acted to locate the Assureds.  All attempts failed . . . .

[Doc. 86-2, pp.7-8 (emphasis in original)]

On the other hand, plaintiff counters:

> The insurers claim prejudice in failing to have been served with this suit prior to
> 2009. However, as evidenced by a letter from counsel herein, Robert M. Kallam and
> Jennifer A. Wells, to prior counsel for the plaintiffs, Sterling Harwood, the
> Defendants, Allianz Marine and Aviation, Van Ha and Phan Nguyen, all had notice
> of the claim that is the subject of this lawsuit as early as November 6, 2003. See
> Exhibit A. Hence, any alleged prejudice associated with the untimely service of this
> suit on these parties is fictitious. Counsel and the parties have had notice of this
> claim since no more than five (5) months after the alleged incident.

[Doc. 93, p.3 (footnote omitted)]

The letter referred to by plaintiff (sent by counsel for Allianz, Van Ha and Nguyen), dated

November 6, 2003, states in pertinent part as follows:

> Please allow this correspondence to serve as a response to your October 2, 2003,
> correspondence. Attached please find a copy of the United States coast Guard report.
> We do not have a death certificate on the above-captioned decedent, Mai Nguyen.
> We understand that Mai Nguyen is still missing at sea, and therefore, there is no
> death certificate at this time.

Additionally, with respect to your suggestion that the child support obligation demonstrates evidence of dependency, we disagree. While children may suffer non-pecuniary deprivation apart from the loss of support and financial contributions resulting from the death of a parent, in the instant case only pecuniary losses are recoverable. As stated by the United States Fifth Circuit Court of Appeal, the wrongful death of a parent- - standing alone- - is an insufficient predicate to support recovery by a child of the loss of parental nurture, parental guidance and support. In order to recover these items of damages, the evidence must show that the deceased parent was fit to furnish such training and that such training and guidance had actually been rendered by the parent during his or her lifetime. *Solomon v. Warren*, 540 F.2d 777, 778 (5th cir. 1976). In the instant case, we have no evidence that Mai Nguyen was fit to provide necessary guidance and training. Additionally, the child support proceedings refute any argument that Nguyen was actually rendering such support to Jessica as we understand he was quite behind and had made no payments in some time, if ever.

[Doc. 93-1, pp.1-2]

As a general rule, new parties cannot be added to an action by amendment after the applicable limitations period has expired; however, Fed. R. Civ. P. 15(c)(3) provides an exception to the general rule, by allowing an amendment to "relate back" to the date of the original pleading if certain requirements are met. *See e.g. Skocylas v. Federal Bureau of Prisons*, 961 F.2d 543, 544 (5th Cir. 1992); *Travelers Ins. Co. v. Brown*, 338 F.2d 229, 234 (5th Cir. 1964); *see also* Advisory Committee Note to the 1966 amendment to Rule 15(c)("Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (including an amendment to correct a misnomer or misdescription of a defendant) shall "relate back" to the date of the original pleading").

Fed. R. Civ. P. 15(c)("Relation Back of Amendments") provides as follows:

**(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:

**(A)** the law that provides the applicable statute of limitations allows relation back;

**(B)** the amendment asserts a claim or defense that arose out of the conduct,

-17-

transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

**(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Thus, for plaintiff to establish the amended complaint relates back to the original complaint, she must demonstrate the amended pleading satisfies the elements provided in Rule 15(c)(1)(B)-(C), namely: (1) the basic claim must have risen out of the conduct set forth in the original proceeding; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) the party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the period provided by Rule 4(m). *Schiavone v. Fortune*, 477 U.S. 21, 29 (1986); *Jacobsen v. Osborne*, 133 F.3d 315, 319-20 (5th cir. 1998).   As earlier noted, defendant's only argument in this portion of its brief is that notice was untimely.[18]

The "limitations period provided in Fed. R. Civ. P. 15(c)" is "the period provided by Rule 4(m)." Fed. R. Civ. P. 15(c)(1)(C). Rule 4(m) affords plaintiff 120 days after the complaint is filed to serve a defendant. However, "if the plaintiff shows good cause for the failure [to timely serve defendant], the court must extend the time for service for an appropriate period." *Id.*; *see also*

---

[18]The Court presumes defendant is arguing the lack of notice resulted in prejudice to its ability to maintain a defense.

*Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008).  Even if the plaintiff lacks

good cause, the court has discretionary power to extend the time for service."  *Millan* at 325;

*Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).  "A discretionary extension may be warranted,

"for example, if the applicable statute of limitations would bar the refiled action, or if the defendant

is evading service or conceals a defect in attempted service." *Millan* at 325; *Thompson* at 21.  Rule

15(c)(1)(C) incorporates Rule 4(m)'s "good cause" extension. *Jacobsen v. Osborne*, 133 F.3d 315,

319 (5th Cir. 1998).

  Last month, in *Krupski v. Costa Crociere S. p. A.*, --- S.Ct. ---, 2010 WL 2243705, the United

States Supreme Court stated: "We hold that relation back under Rule 15(c)(1)(C) depends on what

the party to be added knew or should have known, not on the amending party's knowledge or its

timeliness in seeking to amend the pleading." *Id.* at *3.  The Court found "[t]his reading is consistent

with the purpose of relation back: to balance the interests of the defendant protected by the statute

of limitations with the preference expressed in the federal Rules of Civil Procedure in general, and

Rule 15 in particular, for resolving disputes on their merits."  *Id.* at 8.  Plaintiff's dilatory conduct

in filing an amended complaint has no bearing on the analysis, as "the Rule mandates relation back

once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation

back to the district court's equitable discretion."  *Id.* at *10.  Rule 15(c) does not require  plaintiff

to move to amend the complaint or to file and serve an amended complaint within the Rule 4(m)

period. *Id.* at 10, n.5.  Rather, "Rule 15(c)(1)(C)(i) simply requires that the prospective defendant

has received sufficient 'notice of the action' within the Rule 4(m) period that he will not be

prejudiced in defending the case on the merits." *Id.*[19]  The notice of suit need not be formal.  *Id.; see*

---

[19]"[I]t is *notice* and not service that Rule 15(c) requires."  *Montgomery v. U.S. Postal Service*, 867
F.2d 900, 903 (5th Cir. 1989)(emphasis in original).

*also Honeycutt v. Long*, 861 F.2d 1346, 1350 (5th Cir. 1988)(citing *Barkins v. International Inns Inc.*,

825 F.2d 905, 907 (5th Cir. 1987)); *Montgomery v. U.S. Postal Service*, 867 F.2d 900, 903 (5th Cir.

1989); Fed. R. Civ. P. 15, 1966 Advisory Committee Note.

      Notice to counsel can constitute notice to a client for Rule 15(c) purposes. *Barkins v.*

*International Inns, Inc.*, 825 F.2d 905, 907 (5th Cir. 1987)(citing *Hendrix v. Memorial Hospital of*

*Galveston County*, 776 F.2d 1255, 1258 (5th Cir.1985)(new defendant shared mailing address and

attorneys with original defendant), *abrogated on other grounds as recognized by Honeycutt v. Long*,

861 F.2d 1346, 1352, n.9 (5th Cir. 1988); *Kirk v. Cronvich*, 629 F.2d 404, 407-08(5th Cir.

1980)("[T]his court and others have held that the requisite notice of an action can be imputed to a

new defendant through his attorney who also represented the party or parties originally sued"),

*abrogated on other grounds as recognized by Honeycutt* ; *Montalvo v. Tower Life Building*, 426

F.2d 1135, 1147 (5th Cir.1970) (new defendant's attorney filed the answer to the original complaint;

hence the defendant "must have received adequate notice of the institution of the suit"); *Ramirez v.*

*Burr*, 607 F.Supp. 170, 174 (S.D.Tex.1984) (individual board members received notice when the

board and its director were served, especially since all had the same counsel); *Morrison v. Lefevre*,

592 F.Supp. 1052, 1057-58 (S.D.N.Y.1984) (prison officials added to suit had notice through

attorney they shared with prison officials named in original complaint)). Additionally, when an

amended complaint seeks to add a new defendant, the inquiry sometimes revolves around whether

the new defendant shares an identity of interest with the original defendant, such that the new

defendant had clearly been put on notice of the litigation. *See e.g. Jacobsen v. Osborne*, 133 F.3d

315, 320 (5th Cir. 1998).   Some courts have held "notice to an insurance agent can constitute

sufficient notice to the defendant to satisfy the requirements of Rule 15(c)."   *Smith v. TW Services,*

*Inc.*, 142 F.R.D. 144, 148 (M.D.TN 1991); *see also Korn v. Royal Caribbean Cruise Line, Inc.*, 724

F.2d 1397 (9th Cir. 1984).

In this matter, several continuances were granted to plaintiff to serve Van Ha and Nguyen, due to plaintiff's inability to locate those defendants.[20]  The final extension of time to serve Van Ha and Nguyen was granted by this Court on January 28, 2009. [Doc. 79] That extension granted plaintiff 45 days to serve Van Ha and Nguyen. [Id.] Thus, the Rule 4(m) period expired on March 16, 2009. Fed. R. Civ. P. 4; *see also* Fed. R. Civ. P. 6.  Because counsel for Allianz was served with the original complaint on January 21, 2009 [Doc. 76], and was served with the amended complaint on March 11, 2009 [Doc. 81], Allianz received notice of the action within the Rule 4(m) time period. Accordingly, counsel for all defendants received notice of the action within the period provided by Rule 4(m). Fed. R. Civ. P. 15(c)(1)(C); *Krupski* at 10, n.5.  Furthermore, as no substantive activity has yet occurred in this case, defendant will not be prejudiced in defending on the merits.  Finally, as evidenced by the letter sent from defense counsel to plaintiff's counsel in November of 2003, it appears Allianz knew or should have known that a civil action would be brought against it, as the letter sets forth Allianz's position as to why certain items of damages were not recoverable in a "wrongful death" suit, thus undercutting defendant's argument that although it "had notice of the June 2003 *incident*, for more than three years post-incident, there was absolutely no indication that suit was to be filed or had been filed."[21] [Docs. 93-1, pp. 1-2; 110, p.2 (emphasis in original)]

---

[20]Again, see Docs. 39, p.2 and 84 for a full recitation of the attempts made to serve defendants.

[21]Again, as noted, defendant has only argued lack of timely notice, resulting in prejudice to its ability to defend this case. As defendant declined to address any of the other requirements of Rule 15(c)(1)(C), this Court presumes at this time those requirements are not in dispute.

**D.** **Defense argument No. 4: "The Doctrine of Equitable Tolling Does Not Apply to Suspend Prescription."[22]**

In light of this Court's findings in Section C of this Ruling, it need not reach this argument.

<u>Conclusion</u>

For the reasons provided in this Memorandum Ruling, "Allianz Marine and Aviation's Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Alternatively, Rule 12(c) Motion for Judgment on the Pleadings" [Doc. 86] is DENIED.

Signed at Lafayette, Louisiana on this ___12th___ day of July, 2010.


REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE

---

[22][Doc. 86-2, p.17]